UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Alberto TORRES PEREZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-858 |
| | § | |
| WARDEN OF THE | § | |
| PRARIELAND DETENTION | § | |
| CENTER, et al., | § | |
| | § | |
| *Respondents*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Alberto Torres Perez's (Torres Perez) Ex Parte Application for Temporary Restraining Order (TRO) and Order to Show Cause Regarding Preliminary Injunction (PI). (ECF No. 2). For the reasons stated below, the Court **DENIES** the TRO/PI request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[1] To warrant the extraordinary relief of a TRO, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[2]

---

[1] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at \*2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

[2] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

1

Preliminary relief should "not conclusively resolve legal disputes[,]" and thus a TRO is an inappropriate vehicle for granting ultimate relief.[3] Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO.[4]

Torres Perez's TRO seeks to upend these bedrock principles. First, it seeks to change the status quo at the time of the lawsuit. Torres Perez is in ICE custody and wants out.[5] But granting a TRO would just preserve the status quo of Torres Perez being in custody—something he obviously does not want. What's more, Torres Perez's TRO seeks to conclusively resolve the ultimate legal dispute in this case— whether ICE can detain him. Conclusively deciding legal issues and granting ultimate relief is something courts do not do in TROs.

The Court **DENIES** Torres Perez's TRO/PI request. His habeas petition remains pending.

**IT IS SO ORDERED** this 19th day of March, 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[3] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[4] *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026) (Hendrix, J.) (citing *Ramirez*

2

*Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025)).

[5] ECF No. 2 at 2-3.